## SAMUEL F. MORSE & another vs. JOHN S. REED.

A creditor who proves his claim against his debtor, under proceedings in insolvency, and also the costs which had accrued in a suit commenced on the claim before proceedings in insolvency were instituted, and receives a dividend on the claim, and also such costs in full, is not thereby estopped to contest his debtor's discharge under the insolvent laws, by showing that it is void on any of the grounds upon which those laws provide that it shall be of no effect.

ASSUMPSIT on the money counts.   Trial in the court of common pleas, before *Wells*, C. J. who signed the following bill of exceptions :

" The plaintiffs gave evidence sufficient, *prima facie*, to support their action.   The defendant relied on two grounds ; *first*, on his discharge in insolvency, hereinafter stated ; and *second*, on the following facts, which were admitted or proved :

" After the commencement of this action, viz. on the 4th of June 1846, the defendant went into insolvency.   On the 2d of July following, the plaintiffs proved, before the master, the demands sought to be recovered in this action, and also the costs which had then accrued in the case ; which costs were allowed as a preferred claim.   Within six months, the plaintiffs, with other creditors, but not a majority in value, filed their dissent, in writing, to the master's granting a certificate of discharge.   After six months from the date of the assignment, the defendant obtained his certificate of discharge in due form of law.   On the 15th of May 1847, a dividend of $2\frac{1}{2}$ per cent. was ordered, and subsequently received by the plaintiffs, with the costs aforesaid.   The net assets were $127·22, and the amount of debts proved was $4591·88.

" Both parties were desirous of having the validity of the second ground of defence determined, without going into the question of the validity of the discharge.   And the court

ruled that the facts, stated under the second ground of defence, constituted a bar to the present action, and the jury found a verdict for the defendant. To this ruling the plaintiffs except."

*Davis & C. Devens*, for the plaintiffs.

*Aiken*, for the defendant.

DEWEY, J.   The single inquiry in this case is this : Are the plaintiffs, by reason of proving their claim before the master in chancery, and receiving a dividend thereon from the assets of the insolvent, and also the payment of the costs that had arisen in the case before the proceedings in insolvency, estopped to deny the validity of the discharge, and to avoid the same, by showing such facts as would, under the provisions of our statutes, avoid it as to a creditor who had not proved his claim and received a dividend ? The statute provisions on this subject are very stringent. The *St.* of 1838, *c.* 163, § 10, declares that every certificate of discharge, granted to an insolvent debtor, shall be of no effect, if he shall have fraudulently concealed any part of his estate, or made any payment or conveyance with a view of giving a preference to any creditor, &c.   And *St.* 1841, *c.* 124, § 3, provides that no certificate of discharge shall be granted, or, if granted, shall be of no effect, if the debtor shall have done certain acts therein enumerated. No exception is made, in either of these statutes, as to the case of a creditor who may have proved his claim and received a dividend. The provisions avoiding a discharge are general, declaring the discharge void, in general terms. It is, therefore, necessarily void as to all creditors. The creditors of an insolvent may well prove their claims and receive their dividends, upon the assumption that the insolvent has, in all respects, truly conformed to the requisites of the laws ; that he has concealed ʼo effects, and made no conveyances for the purpose of giving preferences, nor in any way violated the principles of a full and equal distribution of his effects.   Acting upon this assumption, the creditor may prove his claim and receive his dividend, without prejudice to his right to avoid the discharge

of the insolvent, if future developments shall show the com-mission of those acts, or the neglect of those duties, on the part of the debtor, by reason of which his discharge is rendered invalid.  It is no part of the duty of the creditor to assume, in advance, that the debtor has been guilty of fraudulent acts, in violation of the insolvent laws, and to regulate his conduct by such presumption.  He may, therefore, prove his claim and receive a dividend, without compromitting his further right to enforce payment of the residue of his demand, if the debtor has obtained his discharge under such circumstances as render it invalid in law.

The cases of *Morse* v. *Lowell,* 7 Met. 152, *Fisher* v. *Currier,* 7 Met. 424, and *Gilbert* v. *Hebard,* 8 Met. 129, cited by the defendant's counsel, do not bear upon the point now under consideration.  Those cases have reference only to the effect of voluntarily becoming a party to proceedings in insolvency, by proving debts and receiving dividends, in discharging a debtor who has received his discharge upon a full compliance with all the requisitions of law.  They do not touch the further question, whether such proving of a debt and receiving a dividend will estop the creditor from showing the discharge to be invalid in law, for those causes for which the statute declares it void.

The facts stated under the second head of the defence do not, in the opinion of the court, estop the plaintiff from showing the discharge, offered under the first specification, to be invalid in law, and of no effect.

*New trial ordered.*